FILED

2016 OCT -4 AM 11: 32

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT KEELEY and others, similarly situated,

    Plaintiffs,

vs.

L&M WAREHOUSE & PACKING OF NORTH FLORIDA, LLC,

    Defendants.

_____/

Case No.: 3:16-CV-1265-J-32MCR

CLASS REPRESENTATION

## FAIR LABOR STANDARDS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Robert Keeley, individually and on behalf of others similarly situated, sues Defendant, L&M Warehouse & Packing of North Florida, LLC, ("L&M) a Florida corporation and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages brought under the laws of the United States of America. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C.§216(b) of the Fair Labor Standards Act ("FLSA").

2. Plaintiff worked as a production line packer for the Defendant, L&M in St. John's County, Florida. Each named or represented opt-in Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. Defendant, L&M is a limited liability company, which operates a packing and warehouse facility in St. John's County, Florida.

4. The Defendant L&M is an "employer" within the meaning of the FLSA 29 U.S.C. §203(a).

5. In the course of his employment Plaintiff, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because he was employed to pack and ship produce to customers outside the State of Florida using instrumentalities of interstate commerce and used products sent through interstate commerce.

6. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an "enterprise" engaged in "commerce" or in the production of goods or services for commerce. Additionally, the Plaintiff was individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS

8. The named Plaintiff is similarly situated to an unknown number of other warehouse production line workers whoare non-exempt and who are currently working for the Employer or have worked for the Employer during any part of the past three years.

9. The named Plaintiff and those similarly situated worked under a plan whereby they were paid an hourly wage and were non-exempt within the meaning of the FLSA.

10. On a weekly basis, the Employer issued paychecks to each employee based upon the hours worked in the previous week.

11. This weekly pay period, which shall be referred to as the Pay Period, contemplated a 40-hour work week; however, the Employer suffered this Plaintiff and those

similarly situated to work in excess of 40 hours during some or all of the relevant Pay Periods and over 40 hours during the work week.

12. During those weeks in which Plaintiff and those similarly situated worked in excess of 40 hours, Employer failed to pay overtime wages, and instead paid straight time to the Plaintiff and those similarly situated.

13. The named Plaintiff and those similarly situated were routinely scheduled to work, and actually did work, and regularly clocked well in excess of forty hours per work week. Accordingly, during each weekly Pay Period, the Employer failed to pay Plaintiff and those similarly situated overtime at the rate of one and one half times their regular hourly wage.

14. On information and belief, after demands were made for Defendant to comply with the FLSA, some employees of L&M were paid for some overtime hours but not all and no liquidated damages were paid as required by the FLSA.

## ATTORNEY'S FEES

15. Plaintiff has engaged the services of the undersigned attorney and has agreed to pay reasonable attorney's fees for his services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and other related authority.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime and Liquidated Damages)

17. Plaintiff, and those similarly situated, repeats and realleges paragraphs 1-16 as if repeated at length herein.

18. At all times during his employment, the Plaintiff and those similarly situated, were employees required to be paid overtime equal to one and one half times his regular hourly rate for every hour worked over 40 in the workweek for the Employer.

19. For the entire three-year period preceding the filing of this lawsuit, ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §207(a) and §215(a)(2) by failing to pay the Plaintiff and other similarly situated employees overtime based on the Employees regular hourly rate during numerous applicable pay periods.

20. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime and remains owing the named Plaintiff and other similarly situated employees overtime for every hour worked during the three-year period preceding this lawsuit for which they were not paid overtime wages based on their regular hourly rate together with an equal amount in liquidated damages. Accordingly, Plaintiff and those similarly situated are entitled to recover double or liquidated damages.

## JURY DEMAND

21. Plaintiff, and those similarly situated, demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff, and others similarly situated demand the following:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

by filing Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. Awarding the highest applicable overtime wage for every hour worked by him and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, in an amount to be proven at the time of trial against the Defendant;

c. Awarding an additional like amount as liquidated damages against the Defendant;

d. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b) against the Defendant, and;

e. Awarding any and all such other relief which this Court may deem reasonable under the circumstances.

f. Additionally, in the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: September 28, 2016

                                        Law Office of Constantine W. Papas, P.A.

                                        */s/ Constantine W. Papas*
                                        Constantine W. Papas, Lead Counsel
                                        Fla. Bar No.: 0089974
                                        1277 N. Semoran Blvd. Ste. 106
                                        Orlando, FL 32807
                                        Tel: (407) 347-6502
                                        Fax: (407) 206-3655
                                        E-mail: cwp@deanpapaslaw.com