UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT KEELEY and others
similarly situated,

      Plaintiffs,

v.                                                     CASE NO. 3:16-cv-1265-J-32MCR

L&M WAREHOUSE & PACKAGING OF
NORTH FLORIDA, LLC,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Joint Motion to Approve Settlement and to Dismiss with Prejudice ("Joint Motion") (Doc. 18). The undersigned has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the undersigned recommends that the Joint Motion be granted to the extent the settlement agreement be approved and the case be dismissed with prejudice, and denied in all other

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation,] a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

respects.

## I. Background

This case was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1.) Plaintiff sought to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs for Defendant's alleged failure to compensate him for overtime wages during his employment as a production line packer at Defendant's packing and warehouse facility in St. John's County, Florida.[2] (*Id.*) Defendant admitted that due to a payroll error, there were certain workweeks in which Plaintiff was paid straight time for his overtime hours, but alleged that this error was rectified by paying the additional compensation due for any overtime hours worked. (Doc. 9.)

On February 13, 2017, the parties filed the Joint Motion, seeking court approval of their Wage and Hour Settlement Agreement ("settlement agreement") and dismissal of this action with prejudice, with a provision that the Court retain jurisdiction to enforce Defendant's obligation to make the payments to Plaintiffs and their attorney pursuant to the settlement agreement. (Doc. 18.) On February 14, 2017, the Court took the Joint Motion under advisement and directed the parties to supplement it, no later than February 28, 2017, by filing Plaintiffs'

---

[2] This action was also brought on behalf of other similarly situated warehouse production line workers who are non-exempt and who have worked for Defendant during any part of the past three years before this lawsuit was filed. (Doc. 1 at 2.) To date, only Terrell Anderson and Natavis Baynard have joined in this action as opt-in Plaintiffs. (*See* Docs. 5, 13.)

counsel's contemporaneous time records and advising the Court whether any claims are being compromised and whether the attorney's fees and costs were negotiated separately from the amounts to be paid to Plaintiffs.  (Doc. 19.)

On February 23, 2017, the parties supplemented the Joint Motion and filed Plaintiffs' counsel's time and billing records, as directed by the Court.  (*See* Docs. 20 & 21.)  The parties advise that Plaintiff Baynard's claim is not compromised because, under the settlement agreement, he would receive a full and complete payment, without compromise, for all unpaid overtime hours and liquidated damages for the two years preceding this lawsuit.  (Doc. 21 at 1.)  Further:

> In December of 2016, Baynard received a check in the gross amount of $1,119.95 representing a complete payment of all overtime hours worked in 2016.  Accordingly, the total amount to be paid to Baynard can be broken down as follows:
> $1,875.47   Representing the total alleged overtime owed during 2014-2015
> $1,875.47   Representing the liquidated damage total for the alleged overtime owed in 2014-2015
> $1,119.95   Representing the liquidated damage total for alleged overtime owed in 2016.

(*Id.* at 1-2.)  The parties also advise that the amount set aside for attorneys' fees was negotiated separately.  (*Id.* at 2.)

## II. Discussion

In general, strong public policy favors the voluntary settlement of lawsuits. *See, e.g.*, *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072-73 (11th Cir. 2005); *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010); United

3

*States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 490 (6th Cir. 2010). However, fearing the often widely disparate bargaining power that typically exists between employers and employees, Congress made the FLSA's provisions mandatory, *i.e.*, "not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). Thus, before a court may dismiss an FLSA case based on the parties' settlement, the court must generally determine that the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." *Id.* at 1353, 1355.

However, some courts have stated that "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (citation omitted); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

The parties' Joint Motion and supplemental filings indicate that the claims of all three Plaintiffs are not compromised because, pursuant to the settlement agreement, Plaintiffs would receive full compensation for their unpaid overtime

4

hours and an equal amount of liquidated damages.[3]  Specifically, pursuant to the settlement agreement, Plaintiff Keeley will receive $670.52 as liquidated damages, as he has already received the same amount for unpaid overtime wages.  Plaintiff Anderson will receive $967.51 as liquidated damages, as he has already received the same amount for unpaid overtime wages.  Plaintiff Baynard will receive $1,875.47 for unpaid overtime wages for hours worked in 2014-2015, $1,875.47 as liquidated damages for 2014-2015, and $1,119.95 for liquidated damages for 2016, as he has already received $1,119.95 for unpaid overtime wages for hours worked in 2016.  With respect to the amount of attorneys' fees and costs, Plaintiffs' counsel has expended $6,777.00 on this case, but has agreed to a compromise of $4,000.00.  (*See* Doc. 20.)

The Court accepts the parties' representation that Plaintiffs are receiving full compensation for their claims, without compromise.  Accordingly, judicial approval of the settlement is not necessary.  Further, given that there has been no compromise of Plaintiffs' claims, there is no reason to believe that the attorney fee portion of the settlement affected Plaintiffs' recovery.  Therefore, there is no

---

[3] The Court's February 14, 2017 Order stated in part: "In the event that any Plaintiff is not being fully compensated for both wages and liquidated damages, the parties must identify the nature of the dispute and state why the compromise is reasonable." (Doc. 19 at 2.)  In response, the parties have not identified any dispute and, instead, have advised the Court that Plaintiff Baynard's claim is not compromised. (*See* Doc. 21.)  As to the claims of Plaintiffs Keeley and Anderson, the Court observed that those claims appeared to be uncompromised (*see* Doc. 19 at 2), and the parties have not shown otherwise.

reason to scrutinize the fee.[4]  *See Bonetti*, 715 F. Supp. 2d at 1226 n.6.

Accordingly, it is respectfully **RECOMMENDED** that:

The Joint Motion (**Doc. 18**) be **GRANTED** to the extent the settlement agreement be **APPROVED** and the case be **DISMISSED with prejudice**, and **DENIED** to the extent it asks that the Court retain jurisdiction to enforce Defendant's obligation to make the payments to Plaintiffs and their attorney pursuant to the settlement agreement.[5]  It is further recommended that the Clerk of Court be directed to terminate any pending motions and close the case.

**DONE AND ENTERED** at Jacksonville, Florida, on March 29, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

---

[4] The amount of fees and costs under the settlement agreement does not appear unreasonable on its face.

[5] The Court's decision whether to retain jurisdiction over the terms of a settlement agreement is discretionary.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Nissim Corp. v. Clearplay, Inc.*, 499 F. App'x 23, 30 (Fed. Cir. Jan. 30, 2013).  If the Court decides to do so, it should either state so expressly or incorporate the terms of the settlement agreement in its order.  *Kokkonen*, 511 U.S. at 381.